UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMANDA DAVID, <br><br> Plaintiff, <br><br> v. <br><br> ROBERT WHITTAKER, JR., <br><br> Defendants. | Civil Action No.: 3:24-cv-699 (DNH/ML) <br><br> **ORAL ARGUMENT REQUESTED** |

**DEFENDANT WHITTAKER'S BRIEF IN SUPPORT OF MOTION TO DISMISS**

Respectfully submitted,

**WILLIAMSON, CLUNE & STEVENS**

Syed Omar Shah
State Bar No. 5934237
Federal Bar No. 703515
sos@wcslaw.net
317 N. Tioga Street
Ithaca, New York 14851-0126
Telephone: (607) 273-3339

*Counsel for Robert Whittaker, Jr.*

# **TABLE OF CONTENTS**

Page

**TABLE OF CONTENTS** ................................................................................................ 2

**TABLE OF AUTHORITIES** .......................................................................................... 3

**SUMMARY** ..................................................................................................................... 6

**ARGUMENT** ................................................................................................................... 6

    I.    **THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND MUST BE DISMISSED** ........................................... 6

        A.  **THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED UNDER 42 U.S.C. §§ 1981 AND 1982** ...... 7

        B.  **THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED UNDER THE FAIR HOUSING ACT** ...... 9

    II.   **THE COURT LACKS SUBJECT MATTER JURISDICTION AND PLAINTIFF'S COMPLAINT MUST BE DISMISSED** ................................. 11

        A.  **THE PLAINTIFF'S CLAIMS FOR INJUNCTIVE RELIEF ARE MOOT** ............................................................................................................. 11

        B.  **THE SECOND CIRCUIT'S FACTORS FOR EXERCISING DECLARATORY JUDGMENT ACT JURISDICTION WEIGH IN FAVOR OF DISMISSAL** ............................................................................. 13

        C.  **THE COURT LACKS SUPPLEMENTAL JURISDICTION OVER ALL OTHER STATE CAUSES OF ACTION** ..................................................... 15

**CONCLUSION** ............................................................................................................. 16

## **TABLE OF AUTHORITIES**

**Cases**                                                                                                 **Page(s)**

Admiral Ins. Co. v. Niagara Transformer Corp.,
    57 F.4th 85 (2d Cir. 2023) ............................................................................... 13-14, 15

A.L.M. v. Bd. of Managers of the Vireum Schoolhouse Condo.,
    2021 WL 5121137, 2021 U.S. App. LEXIS 32829 (2d Cir. 2021) .............................. 8, 10

Altman v. Bedford Cent. Scho. Dist.,
    964 F.3d 141 (2d Cir. 2001) ............................................................................................ 12

Ashcroft v. Iqbal,
    556 U.S. 662 (2009) .......................................................................................................... 6

Bell Atl. Corp. v. Twombly,
    550 U.S. 544 (2007) ....................................................................................................... 6-7

Birch Family Servs. v. Wlody,
    2021 WL 2312852, 2021 U.S. Dist. LEXIS 106513 (E.D.N.Y. 2021), aff'd,
    2022 WL 1468160, 2022 U.S. App. LEXIS 12539 (2d Cir. 2022) ................................ 10

Bloch v. Frischholz,
    587 F.3d 771 (7th Cir. 2009) .......................................................................................... 11

Buchanan v. Warley,
    245 U.S. 60 (1917) ........................................................................................................... 7

CBOCS West, Inc. v. Humphries,
    553 U.S. 442 (2008) ......................................................................................................... 7

The Civil Rights Cases,
    109 U.S. 3 (1883) ............................................................................................................. 7

Clapper v. Amnesty Int'l USA,
    568 U.S. 398 (2013) ....................................................................................................... 12

Comcast Corp. v. Nat'l Ass'n of African-Owned Media,
    589 U.S. 327 (2020) ...................................................................................................... 7-8

Doyle v. Midland Credit Mgmt.,
    722 F.3d 78 (2d Cir. 2013) ........................................................................................ 11, 12

FDA v. Alliance for Hippocratic Medicine,
    602 U.S. ____ (2024) ................................................................................................ 11-12

Frazier v. Rominger,
    27 F.3d 828 (2d Cir. 1994) .................................................................................. 10

Hotel Saint George Assocs. v. Morgenstern,
    819 F.Supp. 310 (S.D.N.Y. 1993) .................................................................... 9-10

Kaiser v. Fairfield Props.,
    2022 WL 17412405, 2022 U.S. Dist. LEXIS 25025 (E.D.N.Y. 2022) .............. 10

Loper Bright Enterprises v. Raimondo,
    603 U.S. ____ (2024) ........................................................................................ 9, 11

Lujan v. Defenders of Wildlife,
    504 U.S. 488 (1992) .......................................................................................... 12

Lundy v. Catholic Health Sys. of Long Island,
    711 F.3d 106 (2d Cir. 2013) ............................................................................. 15-16

Mohamed v. McLaurin,
    390 F. Supp. 3d 520 (D. Vt. 2019) ................................................................... 10-11

Papasan v. Allain,
    478 U.S. 265 (1986) .......................................................................................... 7

Perez v. Mortgage Bankers Assn.,
    575 U.S. 92 (2015) ............................................................................................ 9

Runyon v. McCrary,
    427 U.S. 160 (1976) .......................................................................................... 7

Smith v. Davis,
    2024 U.S. Dist. LEXIS (N.D.N.Y. 2024) ......................................................... 15

Summers v. Earth Island Institute,
    555 U.S. 488 (2009) .......................................................................................... 12

United Mine Workers v. Gibbs,
    383 U.S. 715 (1966) .......................................................................................... 15

United States v. Weisz,
    914 F.Supp. 1050 (S.D.N.Y. 1996) .................................................................. 9, 10

U.S. Parole Comm'n v. Geraghty,
    445 U.S. 388 (1980) .......................................................................................... 12

Van Wie v. Pataki,
 267 F.3d 109 (2d Cir. 2001) ............................................................................... 12

Wilton v. Seven Falls Co.,
 515 U.S. 277 (1995) ................................................................................... 13, 14

**Constitutions**

U.S. CONST. art. III, § 2 ............................................................................... 11-12

**Statutes**

28 U.S.C. § 1331 ................................................................................................ 15

28 U.S.C. § 1332 ................................................................................................ 15

28 U.S.C. § 1367 ......................................................................................... 15, 16

28 U.S.C. § 2201 ................................................................................................ 13

42 U.S.C. § 1981 ............................................................................................. 7, 8

42 U.S.C. § 1982 ............................................................................................. 7, 8

42 U.S.C. § 3601 et seq. ...................................................................................... 9

42 U.S.C. § 3603 ..................................................................................... 9, 10, 11

42 U.S.C. § 3604 ..................................................................................... 9, 10, 11

42 U.S.C. § 3605 ..................................................................................... 9, 10, 11

42 U.S.C. § 3606 ..................................................................................... 9, 10, 11

42 U.S.C. § 3617 ..................................................................................... 9, 10, 11

**Other Authorities**

24 C.F.R. § 100.400(c)(2) (2016) .................................................................. 9, 11

Federal Rule of Civil Procedure 8(a)(2) ............................................................. 6

Federal Rule of Civil Procedure 12(b)(1) ............................................... 6, 11, 13

Federal Rule of Civil Procedure 12(b)(6) ............................................. 6, 7, 8, 11

**SUMMARY**

Plaintiff commenced this action on May 23, 2024 by filing her Complaint with the clerk of the federal District Court of Northern New York. See ECF No. 1. In her Complaint, Plaintiff alleges that she and her family had moved into a property in Caroline, New York "in or around July 2020" and purchased it a year later. Id. at ¶¶ 7, 17. In the Complaint, she claims that Defendant Whittaker violated the Fair Housing Act of 1968 (Count I) and the Civil Rights Act of 1866 (Count II), and that he committed intentional infliction of emotional distress (Count IV). Id. at 11-12. Although not enumerated as a separate count, Plaintiff has alleged Defendant violated unspecified provisions of the New York State Human Right Law. Id. at 1, 12.

Now, Defendant Whittaker makes this motion pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the Complaint against him for a lack of subject matter jurisdiction and for failure to state a cause of action.

**ARGUMENT**

**I.    THE COMPLAINT FAILS TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED AND MUST BE DISMISSED**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant is permitted to make a pre-answer motion to dismiss a complaint in federal court for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief" or does not "state a claim to relief that is plausible on its face." Fed. R. Civ. P. 8(a)(2); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The "[f]actual allegations [in a complaint] must be enough to raise a right to relief above the

speculative level" and "require[ ] more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. . . ." Twombly, 550 U.S. at 555. Even though the motion court "must take all the factual allegations in the complaint as true [for the purposes of a 12(b)(6) motion], [federal courts] are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 285 (1986).

### A. THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED UNDER 42 U.S.C. §§ 1981 AND 1982

Under the Civil Rights Act of 1866, "[a]ll persons within the jurisdiction of the United States shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens. . . ." 42 U.S.C. § 1981(a) (1991). The Civil Rights Act of 1866 further guarantees "[a]ll citizens of the United States . . . the same right . . . as is enjoyed by white citizens . . . to inherit, purchase, lease, sell, hold, and convey real . . . property." 42 U.S.C. § 1982 (1991).

The U.S. Supreme Court has "long construed §§ 1981 and 1982 similarly." Comcast Corp. v. Nat'l Ass'n of African-Owned Media, 589 U.S. 327, 336 (2020) (quoting CBOCS West, Inc. v. Humphries, 553 U.S. 442, 447 (2008). The Court has interpreted § 1981 to "prohibit[ ] racial discrimination in the making and enforcement of private contracts" Runyon v. McCrary, 427 U.S. 160, 169 (1976). Likewise, the U.S. Supreme Court has "long construed §§ 1981 and 1982 similarly" and "has repeatedly held that a claim arises under § 1982 when a citizen is not allowed 'to acquire property . . . because of color.'" Comcast Corp. v. Nat'l Ass'n of African-Owned Media, 589 U.S. 327, 336 (2020); Buchanan v. Warley, 245 U.S. 60, 78-79 (1917). See also Buchanan, 245 U.S. at 79 ("These enactments did not deal with the social rights of men, but with those fundamental rights in property which it was intended to secure upon the same terms to citizens of every race and color.") (citing The Civil Rights Cases, 109 U.S. 3, 22 (1883)). In order

to prevail on either a § 1981 or § 1982 claim, "a plaintiff must initially plead and ultimately prove that, but for race, [she] would not have suffered the loss of a legally protected right." Comcast Corp., 589 U.S. at 341.

When hearing § 1981 claims, the Second Circuit Court of Appeals additionally requires plaintiffs to show "(1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerned one or more of the activities enumerated in the statute." A.L.M. v. Bd. of Managers of the Vireum Schoolhouse Condo., 2021 WL 5121137, 2021 U.S. App. LEXIS 32829 at 7 (2d Cir. 2021).

Here, Plaintiff has failed to allege how her right to "make and enforce contracts" or engage in transactions related to real property have been harmed by the Defendant's alleged conduct.

Plaintiff does not allege that Defendant Whittaker took any action opposing her renting the neighboring property. See ECF No. 1 at ¶ 15. She does not allege that Defendant Whittaker owned the property she rented or had a landlord-tenant relationship with her. See id. at ¶¶ 6, 14-17. She does not allege that Defendant Whittaker was ever engaged in any real estate-related transaction where he discriminated against her on the basis of race. See generally id. She does not allege that she sought to enter a contract or possessed a contract under which Defendant Whittaker discriminated against her on the basis of race. See generally id. She does not allege that she suffered any loss of a protected property right as a result of the alleged racial discrimination. See generally id.

As such, Plaintiff has failed to state a claim cognizable under either § 1981 or § 1982 of the Civil Rights Act of 1866, and Count II of her Complaint must be dismissed with prejudice pursuant to Rule 12(b)(6).

B. **THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED UNDER THE FAIR HOUSING ACT**

Under 42 U.S.C. § 3617 of the Fair Housing Act (FHA), it is "unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of . . . any right granted or protected by section 3603, 3604, 3605, or 3606 of this title" which all pertain to selling, renting, leasing, and other activities related to residential real estate-related transactions. 42 U.S.C. §§ 3603-3606; 42 U.S.C. § 3617 (1988).

The FHA is silent on the issue of post-acquisition discrimination in housing. See 42 U.S.C. § 3601 et seq.. However, the Department of Housing and Urban Development has interpreted § 3617 to prohibit "threatening, intimidating or interfering with persons in their enjoyment of a dwelling because of the race, color . . . [or] sex . . . of such persons." 24 C.F.R. § 100.400(c)(2) (2016). But see Loper Bright Enterprises v. Raimondo, 603 U.S. ___, 14-15 (2024) ("Section 706 [of the Administrative Procedure Act] makes clear that agency interpretations of statutes—like agency interpretations of the Constitution—are *not* entitled to deference. Under the APA, it thus 'remains the responsibility of the court to decide whether the law means what the agency says.'" (quoting Perez v. Mortgage Bankers Assn., 575 U.S. 92, 109 (2015) (Scalia, J., concurring in judgment)); United States v. Weisz, 914 F.Supp. 1050, 1053-1054 (S.D.N.Y. 1996) ("Analysis of whether the conduct alleged falls within the FHA depends primarily upon the wording of the statute and the intent of Congress in enacting, rather than in regulations, since the agency promulgating them lacks the authority to expand upon statute"). Whether § 3617 can be raised against a residential neighbor outside of a residential real estate-related transaction is not expressly enumerated in the plain language of the FHA, its statutory scheme, or the administrative regulations promulgated thereunder. See e.g., Hotel Saint George Assocs. v. Morgenstern, 819

F.Supp. 310, 318 (S.D.N.Y. 1993) ("Plaintiff's discrimination claim [against members of the community opposed to the housing of Black and Latino AIDS and HIV positive residents] is also not permitted under the Fair Housing Act which concerns discrimination by providers of housing, such as owners, landlords, and municipal service providers against tenants and potential tenants.").

Although the Second Circuit has recognized post-acquisition hostile housing environment claims under § 3617 against landlords in conjunction with other substantive FHA violations of §§ 3603-3606 (see e.g., A.L.M., 2021 U.S. App. LEXIS at 2. (upholding dismissal of FHA claims under §§ 3604 and 3617)), "the Second Circuit has not addressed whether [§] 3617 can serve as an independent basis for an FHA claim. . . ." Kaiser v. Fairfield Props., 2022 WL 17412405, 2022 U.S. Dist. LEXIS 25025 at 13 (E.D.N.Y. 2022). Furthermore, the Second Circuit has held "[§] 3617 prohibits the interference with the exercise of Fair Housing rights *only as enumerated* in these referenced sections, which define the substantive violations of the Act" Frazier v. Rominger, 27 F.3d 828, 834 (2d Cir. 1994) (emphasis added).

The Eastern District of New York has further warned against overbroadly applying § 3617 and held that for a neighborhood dispute to fall within the scope of the FHA, "a plaintiff must allege conduct on the part of a defendant which in some way or other implicates the concerns expressed by Congress in the FHA. If it were otherwise, the FHA would federalize any dispute involving residences and people who live in them." Birch Family Servs. v. Wlody, 2021 WL 2312852, 2021 U.S. Dist. LEXIS 106513 at 21 (E.D.N.Y. 2021), aff'd, 2022 WL 1468160, 2022 U.S. App. LEXIS 12539 (2d Cir. 2022) (quoting Weisz, 914 F.Supp. at 1054).

Furthermore, in jurisdictions, such as the Seventh Circuit Court of Appeals, that have unambiguously recognized hostile housing environment claims under § 3617, they "require a high degree of proof, effectively requiring a plaintiff to prove that the discriminatory harassment

resulted in constructive eviction." Mohamed v. McLaurin, 390 F.Supp. 3d 520, 548 (D. Vt. 2019) (citing Bloch v. Frischholz, 587 F.3d 771 (7th Cir. 2009)).

Here, Plaintiff has failed to articulate a prima facie case for either a substantive violation of a Fair Housing right under the plain meaning of § 3617 or a hostile housing environment claim under the statute and regulation therefrom.

Under the Second Circuit's current precedent, Plaintiff has made no allegations in her Complaint that Defendant Whittaker interfered with a Fair Housing right as enumerated in §§ 3603-3606. See supra I.A. See generally ECF No. 1. Assuming, arguendo, that the agency interpretation of § 3617 in 24 C.F.R. § 100.400(c)(2) withstands judicial review pursuant to Loper Bright Enterprises, Plaintiff has further failed to articulate a prima facie case for a post-acquisition hostile housing environment because she was never compelled to vacate or move out of her home. See generally ECF No. 1.

As such, Plaintiff has failed to state a claim under § 3617, and Count I of her Complaint must be dismissed with prejudice pursuant to Rule 12(b)(6).

## II. THE COURT LACKS SUBJECT MATTER JURISDICTION AND PLAINTIFF'S COMPLAINT MUST BE DISMISSED

Under Federal Rule of Civil Procedure 12(b)(1), a federal court must dismiss a case when it lacks the statutory or constitutional power to adjudicate it. Fed. R. Civ. Pro. 12(b)(1); Doyle v. Midland Credit Mgmt., 722 F.3d 78, 80 (2d Cir. 2013).

### A. THE PLAINTIFF'S CLAIMS FOR INJUNCTIVE RELIEF ARE MOOT

Under Article III of the U.S. Constitution, federal subject matter jurisdiction is confined to "Cases" and "Controversies" where "the plaintiff possess[es] a personal stake" in the court's

11

adjudication of her individual legal rights. U.S. CONST. art. III, § 2; FDA v. Alliance for Hippocratic Medicine, 602 U.S. ___, 6 (2024). To have Article III standing, "a plaintiff must demonstrate (i) that she has suffered or likely will suffer an injury in fact, (ii) that the injury likely was caused or will be caused by the defendant, and (iii) that the injury likely would be redressed by the requested judicial relief." Alliance for Hippocratic Medicine, 602 U.S. at 7-8 (citing Summers v. Earth Island Institute, 555 U.S. 488 (2009); Lujan v. Defenders of Wildlife, 504 U.S. 488 (1992)). Furthermore, "when a plaintiff seeks prospective relief such as an injunction, the plaintiff must establish a sufficient likelihood of future injury." Alliance for Hippocratic Medicine, 602 U.S. at 8 (citing Clapper v. Amnesty Int'l USA, 568 U.S. 398, 409 (2013)). However, "[t]he requisite personal interest that must exist at the commencement of litigation (standing) must continue throughout its existence (mootness)." U.S. Parole Comm'n v. Geraghty, 445 U.S. 388, 397 (1980).

Federal courts must further "determine whether . . . claims remain live controversies or have become moot" regardless of whether the plaintiff originally had standing to assert such claims. Altman v. Bedford Cent. Scho. Dist., 964 F.3d 141, 146 (2d Cir. 2001). "Under Article III of the U.S. Constitution, '[w]hen a case becomes moot, the federal courts lack subject matter jurisdiction over the action.'" Doyle, 722 F.3d at 80. The Second Circuit Court of Appeals has held that "[a] case becomes moot when interim relief or events have eradicated the effects of the defendant's act or omission, and there is no reasonable expectation that the alleged violation will recur." Van Wie v. Pataki, 267 F.3d 109, 113 (2d Cir. 2001).

Here, Plaintiff has admitted in her Complaint that the Town Justice Court of the Town of Caroline in the State of New York has already issued orders of protection against Defendant Whittaker compelling "him to stay away from and refrain from harassing, intimidating, or

otherwise attempting to communicate with [Plaintiff]." ECF No. 1 at ¶ 61. See also id. at ¶¶ 51, 53. Since the full stay away, non-harassment, and no contact order from the Caroline Town Court remains in effect in New York State, Plaintiff's request for federal relief through a similar injunction is redundant. Because the State court's injunction has already provided Plaintiff her requested remedy under State law, her federal action is no longer a live controversy and is thereby moot.

As such, because Plaintiff has already obtained the relief she seeks in this federal action, her demand for an injunction is moot, and the Court must dismiss the Complaint with prejudice under Rule 12(b)(1) for lack of subject matter jurisdiction.

## B. THE SECOND CIRCUIT'S FACTORS FOR EXERCISING DECLARATORY JUDGMENT ACT JURISDICTION WEIGH IN FAVOR OF DISMISSAL

Under the Declaratory Judgment Act (DJA), a district court may only issue a declaratory judgment in cases "of actual controversy within its jurisdiction." 28 U.S.C. § 2201(a). Furthermore, the U.S. Supreme Court has held that the act "confers a discretion on the courts rather than an absolute right upon the litigant" to exercise jurisdiction through the DJA. Wilton v. Seven Falls Co., 515 U.S. 277, 287 (1995). See also Wilton, 515 U.S. at 289 ("We believe it more consistent with the statute to vest district courts with discretion in the first instance [to entertain declaratory judgment actions].").

The Second Circuit Court of Appeals has articulated six factors to guide the lower courts in their discretion to entertain a declaratory judgment action.

> [T]he following considerations, to the extent they are relevant in a particular case, should inform a district court's exercise of such discretion: (1) whether the declaratory judgment sought will serve a useful purpose in clarifying or settling the

legal issues involved; (2) whether such a judgment would finalize the controversy and offer relief from uncertainty; (3) whether the proposed remedy is being used merely for procedural fencing or a race to res judicata; (4) whether the use of a declaratory judgment would increase friction between sovereign legal systems or improperly encroach on the domain of a state or foreign court; (5) whether there is a better or more effective remedy; and (6) whether concerns for judicial efficiency and judicial economy favor declining to exercise jurisdiction.

Admiral Ins. Co. v. Niagara Transformer Corp., 57 F.4th 85, 99-100 (2d Cir. 2023) (internal quotation marks and citation omitted). Furthermore, the Second Circuit has held that these factors are non-exhaustive and include such "other factors as relevant to the ultimate question of whether the normal principle that federal courts should adjudicate claims over which they have jurisdiction' should yield to considerations of practicality and wise judicial administration." Id. at 100 (quoting Wilton, 515 U.S. at 288). As such, district courts possess broad discretion "to decline jurisdiction under the DJA" and "to weigh the factors . . . enumerated [above]." Id..

Here, based on the previous arguments and the facts alleged by Plaintiff's Complaint, the Court should exercise its broad discretion to deny jurisdiction under the DJA.

Under factors (1) and (6) of Admiral Ins. Co., Plaintiff has already received her remedy for injunctive relief from the New York State courts, and her Complaint is effectively moot. See supra II.A. Entertaining the Plaintiff's demand for a declaratory judgment would resolve no live cases or controversies and would waste limited judicial resources.

Under factors (2) and (5), a declaratory judgment regarding alleged violations of federal civil rights law and Defendant's liability for intentional infliction of emotional distress would not render a final resolution and her requested remedy is to have a jury trial. ECF No. 1 at 12-13.

Likewise, under factor (3), Plaintiff's request for the Court to "[d]eclare Defendant liable . . . for [her state law claim of] intentional infliction of emotional distress" (ECF No. 1 at 12) is merely being used to procedurally fence a New York State cause of action between two New York State residents from being resolved in a state forum.

Under factor (4), granting a declaratory judgment would likely encroach on the domain of the New York State courts that have already exercised jurisdiction over the parties through issuing orders of protection for Plaintiff and criminally prosecuting Defendant.

As a result, the Admiral Ins. Co. factors strongly weigh in favor of the Court declining jurisdiction over the Plaintiff's DJA claims.

## C. THE COURT LACKS SUPPLEMENTAL JURISDICTION OVER ALL OTHER STATE CAUSES OF ACTION

Plaintiff's remaining claims for Defendant's alleged violations of the New York State Human Rights Law and intentional infliction of emotional distress—"a claim pursuant to New York common law" (Smith v. Davis, 2024 U.S. Dist. LEXIS at 3 (N.D.N.Y. 2024))—may be heard by a federal court through supplemental jurisdiction only if the court has original jurisdiction under 28 U.S.C. §§ 1331 (federal question jurisdiction) and/or 1332 (diversity jurisdiction). 28 U.S.C. § 1367(a) (1990).

28 U.S.C. § 1367(c) permits federal courts to decline exercising supplemental jurisdiction where "the [state-law] claim substantially predominates over the claim or claims over which the district court has original jurisdiction" or "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(2-3).

When determining whether to exercise supplemental jurisdiction, federal courts have long held that supplemental jurisdiction is "a doctrine of discretion, not of plaintiff's right." United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966) (superseded by 28 U.S.C. § 1367). See also Lundy v. Catholic Health Sys. of Long Island, 711 F.3d 106, 117 (2d Cir. 2013) ("The exercise of supplemental jurisdiction is within the sound discretion of the district court."). The Second Circuit has further held that district courts are to "consider and weigh in each case . . . the values of judicial

economy, convenience, fairness, and comity" when deciding to decline or exercise supplemental jurisdiction. Lundy, 711 F.3d at 117 "Once all federal claims have been dismissed, the balance of factors will usually point toward a declination." Id. at 118.

Here, based on Plaintiff's failure to state a claim for a federal cause of action, the mootness of her claim for injunctive relief, and the absence of diversity jurisdiction, the Court lacks original jurisdiction to hear the Complaint and must decline to exercise supplemental jurisdiction over the remaining state-law causes of action pursuant to 28 U.S.C. § 1367(c)(3). See supra.

Furthermore, given the prior state court proceedings involving the parties to this case, the fact that Plaintiff (a New York citizen) is pursuing a state-law tort claim against another New York citizen that would substantially predominate over all the other asserted claims, and how Plaintiff can avail herself of the New York State courts to litigate her remaining state-law claims, all factors of judicial economy, federalism, convenience, and fairness to the Plaintiff weigh in favor of a declination.

As such, the Plaintiff's remaining state-law causes of action must be dismissed.

## CONCLUSION

For the reasons above, the Court should dismiss the Plaintiff's Complaint due to failure to state a claim upon which relief can be granted and lack of subject matter jurisdiction.

Dated: July 5, 2024                                        Respectfully submitted,

/s/ Syed Omar Shah
Syed Omar Shah (*pro hac vice*)
New York Bar No. 5934237
sos@wcslaw.net
Williamson, Clune & Stevens
317 North Tioga Street
Ithaca, New York 14851-0126
Telephone: (607) 273-3339

*Counsel for Robert Whittaker, Jr.*