# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF NEW YORK

AMANDA DAVID, and
ROOTWORK HERBALS, LLC

                            Plaintiffs,

v.

ROBERT WHITTAKER, JR.,

                            Defendants.

Civil Action No.: 3:24-cv-699 (DNH/ML)

**ORAL ARGUMENT REQUESTED**

---

## DEFENDANT WHITTAKER'S BRIEF IN SUPPORT OF MOTION TO DISMISS

---

Respectfully submitted,

**WILLIAMSON, CLUNE & STEVENS**

Syed Omar Shah
State Bar No. 5934237
Federal Bar No. 703515
sos@wcslaw.net
317 N. Tioga Street
Ithaca, New York 14851-0126
Telephone: (607) 273-3339

*Counsel for Robert Whittaker, Jr.*

## <u>TABLE OF CONTENTS</u>

**Page**

TABLE OF CONTENTS .................................................................... 2

TABLE OF AUTHORITIES ................................................................ 3

SUMMARY.................................................................................... 7

ARGUMENT .................................................................................. 8

    I.    THE AMENDED COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND MUST BE DISMISSED ......... 8

        A.  THE AMENDED COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED UNDER 42 U.S.C. §§ 1981 AND 1982.................................................................................... 9

        B.  THE AMENDED COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED UNDER THE FAIR HOUSING ACT ....................................................................................... 12

    II.   THE COURT LACKS SUBJECT MATTER JURISDICTION AND PLAINTIFFS' COMPLAINT MUST BE DISMISSED................................... 15

        A.  THE PLAINTIFFS' CLAIMS FOR INJUNCTIVE RELIEF ARE MOOT ................................................................................... 15

        B.  PLAINTIFF ROOTWORK HERBALS, LLC LACKS THIRD-PARTY STANDING TO ASSERT PLAINTIFF DAVID'S FIRST-PARTY CLAIMS..................................................................................... 16

        C.  THE SECOND CIRCUIT'S FACTORS FOR EXERCISING DECLARATORY JUDGMENT ACT JURISDICTION WEIGH IN FAVOR OF DISMISSAL ........................................................... 17

        D.  THE COURT LACKS SUPPLEMENTAL JURISDICTION OVER ALL OTHER STATE CAUSES OF ACTION.................................... 19

CONCLUSION ...............................................................................21

## TABLE OF AUTHORITIES

**Cases**                                                                 **Page(s)**

Admiral Ins. Co. v. Niagara Transformer Corp.,
    57 F.4th 85 (2d Cir. 2023) ................................................................ 18, 19

A.L.M. v. Bd. of Managers of the Vireum Schoolhouse Condo.,
    2021 WL 5121137, 2021 U.S. App. LEXIS 32829 (2d Cir. 2021) ...................... 9-10, 13

Altman v. Bedford Cent. Scho. Dist.,
    964 F.3d 141 (2d Cir. 2001) .......................................................... 15-16

Ashcroft v. Iqbal,
    556 U.S. 662 (2009) ................................................................... 8, 11

Bell Atl. Corp. v. Twombly,
    550 U.S. 544 (2007) ...................................................................... 8

Birch Family Servs. v. Wlody,
    2021 WL 2312852, 2021 U.S. Dist. LEXIS 106513 (E.D.N.Y. 2021), aff'd,
    2022 WL 1468160, 2022 U.S. App. LEXIS 12539 (2d Cir. 2022) ................................ 13

Bloch v. Frischholz,
    587 F.3d 771 (7th Cir. 2009) .......................................................... 14

Buchanan v. Warley,
    245 U.S. 60 (1917) ...................................................................... 9

CBOCS West, Inc. v. Humphries,
    553 U.S. 442 (2008) ..................................................................... 9

The Civil Rights Cases,
    109 U.S. 3 (1883) ....................................................................... 9

Clapper v. Amnesty Int'l USA,
    568 U.S. 398 (2013) .................................................................... 15

Comcast Corp. v. Nat'l Ass'n of African-Owned Media,
    589 U.S. 327 (2020) ..................................................................... 9

Domino's Pizza, Inc. v. McDonald,
    546 U.S. 470 (2006) .................................................................... 10

Doyle v. Midland Credit Mgmt.,
    722 F.3d 78 (2d Cir. 2013) .......................................................... 15, 16

3

Duke Power Co. v. Carolina Envtl. Study Group,
    438 U.S. 59, 80 (1978) ................................................................................. 16-17

FDA v. Alliance for Hippocratic Medicine,
    602 U.S. ____ (2024) ..................................................................................... 15

Frazier v. Rominger,
    27 F.3d 828 (2d Cir. 1994) ........................................................................... 13

Ginx, Inc. v. Soho Alliance,
    720 F. Supp. 2d 342 (S.D.N.Y. 2010) ......................................................... 10

Gladstone, Realtors v. Bellwood,
    441 U.S. 91 (1979) ........................................................................................ 16

Harris v. Allstate Ins. Co.,
    300 F.3d 1183 (10th Cir. 2002) ................................................................... 10

Hotel Saint George Assocs. v. Morgenstern,
    819 F.Supp. 310 (S.D.N.Y. 1993) ........................................................... 12-13

Kaiser v. Fairfield Props.,
    2022 WL 17412405, 2022 U.S. Dist. LEXIS 25025 (E.D.N.Y. 2022) ........... 13

Loper Bright Enterprises v. Raimondo,
    603 U.S. ____ (2024) ............................................................................... 12, 14

Lujan v. Defenders of Wildlife,
    504 U.S. 488 (1992) ...................................................................................... 15

Lundy v. Catholic Health Sys. of Long Island,
    711 F.3d 106 (2d Cir. 2013) ......................................................................... 20

Mohamed v. McLaurin,
    390 F. Supp. 3d 520 (D. Vt. 2019) ........................................................... 13-14

Muhammad v. Oliver,
    547 F.3d 874 (7th Cir. 2008) ....................................................................... 10

Papasan v. Allain,
    478 U.S. 265 (1986)........................................................................................ 8

Perez v. Mortgage Bankers Assn.,
    575 U.S. 92 (2015) ........................................................................................ 12

Runyon v. McCrary,
    427 U.S. 160 (1976) ........................................................................................ 9, 10

Smith v. Davis,
    2024 U.S. Dist. LEXIS (N.D.N.Y. 2024) ...................................................... 19

Summers v. Earth Island Institute,
    555 U.S. 488 (2009) ...................................................................................... 15

United Mine Workers v. Gibbs,
    383 U.S. 715 (1966) ...................................................................................... 20

United States v. Weisz,
    914 F.Supp. 1050 (S.D.N.Y. 1996) .......................................................... 12, 13

U.S. Parole Comm'n v. Geraghty,
    445 U.S. 388 (1980) ...................................................................................... 15

Van Wie v. Pataki,
    267 F.3d 109 (2d Cir. 2001) .......................................................................... 16

Whidbee v. Garzarelli Food Specialties, Inc.,
    223 F.3d 62 (2d Cir. 2001) ............................................................................ 10

Wilton v. Seven Falls Co.,
    515 U.S. 277 (1995) ................................................................................. 17-18

**Constitutions**

U.S. CONST. art. III, § 2 ....................................................................................... 15, 16

**Statutes**

28 U.S.C. § 1331 ...................................................................................................... 19

28 U.S.C. § 1332 ...................................................................................................... 19

28 U.S.C. § 1367 ................................................................................................. 19, 20

28 U.S.C. § 2201 ...................................................................................................... 17

42 U.S.C. § 1981 .............................................................................................. 9, 10, 11

42 U.S.C. § 1982 .................................................................................................. 9, 11

42 U.S.C. § 3601 et seq. ........................................................................................... 12

42 U.S.C. § 3603 ......................................................................................... 12, 13, 14

42 U.S.C. § 3604 ......................................................................................... 12, 13, 14

42 U.S.C. § 3605 ......................................................................................... 12, 13, 14

42 U.S.C. § 3606 ......................................................................................... 12, 13, 14

42 U.S.C. § 3617 ......................................................................................... 12, 13, 14

**Other Authorities**

24 C.F.R. § 100.400(c)(2) (2016) ........................................................................ 12, 14

Federal Rule of Civil Procedure 8(a)(2) ...................................................................... 8

Federal Rule of Civil Procedure 12(b)(1) ................................................... 7, 15, 16, 17

Federal Rule of Civil Procedure 12(b)(6) ...................................................... 7, 8, 11, 14

## SUMMARY

Plaintiff David commenced this action on May 23, 2024 by filing her Complaint with the clerk of the federal District Court of Northern New York. See ECF No. 1. In her Complaint, Plaintiff David alleges that she and her family had moved into a property in Caroline, New York known as ██████████████████ "in or around July 2020" and purchased it a year later. Id. at ¶¶ 7, 17; July 24, 2024 Supporting Affidavit of Syed Omar Shah Exhibit "B". In the Complaint, she claims that Defendant Whittaker violated the Fair Housing Act of 1968 (Count I) and the Civil Rights Act of 1866 (Count II), and that he committed intentional infliction of emotional distress (Count IV). ECF No. 1 at 11-12. Although not originally enumerated as a separate count, Plaintiff David alleged Defendant violated unspecified provisions of the New York State Human Rights Law. Id. at 1, 12.

On July 5, 2024, Defendant moved to dismiss the Complaint for its failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction.

On July 18, 2024, Plaintiff David amended her complaint to add Rootwork Herbals, LLC, a New York limited liability company that allegedly operates and does business at Plaintiff David's property at 40 Burns Road. ECF No. 11 at ¶ 6; July 24, 2024 Supporting Affidavit of Syed Omar Shah Exhibit "A". Aside from adding a second plaintiff, raising a fourth cause of action for alleged violations of the New York State Human Rights Law (Count III), and alleging additional acts of misconduct since the commencement of the lawsuit, the Amended Complaint is nearly identical to the original Complaint. Compare ECF No. 1 with ECF No. 11.

Now, Defendant Whittaker makes this motion pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the Amended Complaint against him for a lack of subject matter jurisdiction and for failure to state a cause of action.

## ARGUMENT

**I.     THE COMPLAINT FAILS TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED AND MUST BE DISMISSED**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant is permitted to make a pre-answer motion to dismiss a complaint in federal court for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief" or does not "state a claim to relief that is plausible on its face." Fed. R. Civ. P. 8(a)(2); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

The "[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level" and "require[ ] more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. . . ." Twombly, 550 U.S. at 555. According to the U.S. Supreme Court, "the pleading standard Rule 8 announces . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. Furthermore, "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. Even though the motion court "must take all the factual allegations in the complaint as true [for the purposes of a 12(b)(6) motion], [federal courts] are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 285 (1986).

## A. THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED UNDER 42 U.S.C. §§ 1981 AND 1982

Under the Civil Rights Act of 1866, "[a]ll persons within the jurisdiction of the United States shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens. . . ." 42 U.S.C. § 1981(a) (1991). The Civil Rights Act of 1866 further guarantees "[a]ll citizens of the United States . . . the same right . . . as is enjoyed by white citizens . . . to inherit, purchase, lease, sell, hold, and convey real . . . property." 42 U.S.C. § 1982 (1991).

The U.S. Supreme Court has "long construed §§ 1981 and 1982 similarly." Comcast Corp. v. Nat'l Ass'n of African-Owned Media, 589 U.S. 327, 336 (2020) (quoting CBOCS West, Inc. v. Humphries, 553 U.S. 442, 447 (2008). The Court has interpreted § 1981 to "prohibit[ ] racial discrimination in the making and enforcement of private contracts" Runyon v. McCrary, 427 U.S. 160, 169 (1976). Likewise, the U.S. Supreme Court has "long construed §§ 1981 and 1982 similarly" and "has repeatedly held that a claim arises under § 1982 when a citizen is not allowed 'to acquire property . . . because of color.'" Comcast Corp. v. Nat'l Ass'n of African-Owned Media, 589 U.S. 327, 336 (2020); Buchanan v. Warley, 245 U.S. 60, 78-79 (1917). See also Buchanan, 245 U.S. at 79 ("These enactments did not deal with the social rights of men, but with those fundamental rights in property which it was intended to secure upon the same terms to citizens of every race and color.") (citing The Civil Rights Cases, 109 U.S. 3, 22 (1883)). In order to prevail on either a § 1981 or § 1982 claim, "a plaintiff must initially plead and ultimately prove that, but for race, [she] would not have suffered the loss of a legally protected right." Comcast Corp., 589 U.S. at 341.

When hearing § 1981 claims, the Second Circuit Court of Appeals additionally requires plaintiffs to show "(1) the plaintiff is a member of a racial minority; (2) an intent to discriminate

on the basis of race by the defendant; and (3) the discrimination concerned one or more of the activities enumerated in the statute." A.L.M. v. Bd. of Managers of the Vireum Schoolhouse Condo., 2021 WL 5121137, 2021 U.S. App. LEXIS 32829 at 7 (2d Cir. 2021).

When addressing § 1981 contract claims, the plaintiff "must initially identify an impaired 'contractual relationship' . . . under which the plaintiff has rights." Domino's Pizza, Inc. v. McDonald, 546 U.S. 470, 476 (2006) (quoting 42 U.S.C. § 1981(b)). According to the Supreme Court, "[s]ection 1981 offers relief when racial discrimination blocks the creation of a contractual relationship, as well as when racial discrimination impairs an existing contractual relationship, so long as the plaintiff has or would have rights under the existing or proposed contractual relationship." Id.

However, under § 1981 jurisprudence, a plaintiff must establish that a defendant violated a contractual right under one of two theories.  Either the defendant (1) "refuse[d] on account of race, to extend to someone the same opportunity to enter into contracts as he extends to white offerees" (Ginx, Inc. v. Soho Alliance, 720 F. Supp. 2d 342, 357 (S.D.N.Y. 2010) (citing Runyon, 427 U.S. at 170-71)) or (2) interfered with a contract between a plaintiff and an identifiable third-party where the defendant "possessed sufficient authority to significantly interfere with the [plaintiff]'s ability to obtain contracts with third parties . . . actually exercised that authority to the [plaintiff]'s detriment" and acted with a "racial motivation." Id. at 358 (citing Muhammad v. Oliver, 547 F.3d 874 (7th Cir. 2008); Harris v. Allstate Ins. Co., 300 F.3d 1183 (10th Cir. 2002); Whidbee v. Garzarelli Food Specialties, Inc., 223 F.3d 62 (2d Cir. 2001)).

Here, Plaintiffs have failed to allege how either Plaintiff David's or her business's rights to "make and enforce contracts" or engage in transactions related to real property have been harmed by the Defendant's alleged conduct.

10

Plaintiffs do not allege that Defendant Whittaker took any action opposing Plaintiff David from renting ████████████████. See ECF No. 11 at ¶ 16. Plaintiffs do not allege that Defendant Whittaker owned the property Plaintiff David rented or had a landlord-tenant relationship with her. See id. at ¶¶ 16-17. Plaintiffs do not allege that Defendant Whittaker was ever engaged in any real estate-related transaction where he discriminated against them on the basis of race. See generally id.. They do not allege that they entered a contract or possessed a contract under which Defendant Whittaker discriminated against them on the basis of race. See generally id.. Plaintiffs do not claim that Defendant Whittaker refused to enter into a contractual relationship with them on the basis of race. See generally id..

In an attempt to assert a claim under § 1981, Plaintiffs amended their complaint to now broadly allege that Plaintiffs lost "income-generating contractual opportunities" and could have hired employees but for Defendant's alleged conduct "significantly impair[ing] Plaintiffs' ability" to do so. ECF No. 11 at ¶¶ 73-77. However, Plaintiffs fail to indicate how Defendant possessed any authority to interfere with Plaintiffs' alleged contracts and contractual opportunities. See id.. Plaintiffs further fail to identify any identifiable third party who entered into contracts with them. See id.. Indeed, Plaintiffs claims in the Amended Complaint are nothing more than a conclusory "the-defendant-unlawfully-harmed-me accusation" and do not present a prima facie case under § 1981. Iqbal, 556 U.S. at 678.

As such, Plaintiffs have failed to state a claim cognizable under either § 1981 or § 1982 of the Civil Rights Act of 1866, and Count II of the Amended Complaint must be dismissed with prejudice pursuant to Rule 12(b)(6).

## B. THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED UNDER THE FAIR HOUSING ACT

Under 42 U.S.C. § 3617 of the Fair Housing Act (FHA), it is "unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of . . . any right granted or protected by section 3603, 3604, 3605, or 3606 of this title" which all pertain to selling, renting, leasing, and other activities related to residential real estate-related transactions. 42 U.S.C. §§ 3603-3606; 42 U.S.C. § 3617 (1988).

The FHA is silent on the issue of post-acquisition discrimination in housing. See 42 U.S.C. § 3601 et seq.. However, the Department of Housing and Urban Development has interpreted § 3617 to prohibit "threatening, intimidating or interfering with persons in their enjoyment of a dwelling because of the race, color . . . [or] sex . . . of such persons." 24 C.F.R. § 100.400(c)(2) (2016). But see Loper Bright Enterprises v. Raimondo, 603 U.S. ____, 14-15 (2024) ("Section 706 [of the Administrative Procedure Act] makes clear that agency interpretations of statutes—like agency interpretations of the Constitution—are not entitled to deference. Under the APA, it thus 'remains the responsibility of the court to decide whether the law means what the agency says.'" (quoting Perez v. Mortgage Bankers Assn., 575 U.S. 92, 109 (2015) (Scalia, J., concurring in judgment)); United States v. Weisz, 914 F.Supp. 1050, 1053-1054 (S.D.N.Y. 1996) ("Analysis of whether the conduct alleged falls within the FHA depends primarily upon the wording of the statute and the intent of Congress in enacting, rather than in regulations, since the agency promulgating them lacks the authority to expand upon statute"). Whether § 3617 can be raised against a residential neighbor outside of a residential real estate-related transaction is not expressly enumerated in the plain language of the FHA, its statutory scheme, or the administrative regulations promulgated thereunder. See e.g., Hotel Saint George Assocs. v. Morgenstern, 819

F.Supp. 310, 318 (S.D.N.Y. 1993) ("Plaintiff's discrimination claim [against members of the community opposed to the housing of Black and Latino AIDS and HIV positive residents] is also not permitted under the Fair Housing Act which concerns discrimination by providers of housing, such as owners, landlords, and municipal service providers against tenants and potential tenants.").

Although the Second Circuit has recognized post-acquisition hostile housing environment claims under § 3617 against landlords in conjunction with other substantive FHA violations of §§ 3603-3606 (see e.g., A.L.M., 2021 U.S. App. LEXIS at 2. (upholding dismissal of FHA claims under §§ 3604 and 3617)), "the Second Circuit has not addressed whether [§] 3617 can serve as an independent basis for an FHA claim. . . ." Kaiser v. Fairfield Props., 2022 WL 17412405, 2022 U.S. Dist. LEXIS 25025 at 13 (E.D.N.Y. 2022). Furthermore, the Second Circuit has held "[§] 3617 prohibits the interference with the exercise of Fair Housing rights *only as enumerated* in these referenced sections, which define the substantive violations of the Act" Frazier v. Rominger, 27 F.3d 828, 834 (2d Cir. 1994) (emphasis added).

The Eastern District of New York has further warned against overbroadly applying § 3617 and held that for a neighborhood dispute to fall within the scope of the FHA, "a plaintiff must allege conduct on the part of a defendant which in some way or other implicates the concerns expressed by Congress in the FHA. If it were otherwise, the FHA would federalize any dispute involving residences and people who live in them." Birch Family Servs. v. Wlody, 2021 WL 2312852, 2021 U.S. Dist. LEXIS 106513 at 21 (E.D.N.Y. 2021), aff'd, 2022 WL 1468160, 2022 U.S. App. LEXIS 12539 (2d Cir. 2022) (quoting Weisz, 914 F.Supp. at 1054).

Furthermore, in jurisdictions, such as the Seventh Circuit Court of Appeals, that have unambiguously recognized hostile housing environment claims under § 3617, they "require a high degree of proof, effectively requiring a plaintiff to prove that the discriminatory harassment

13

resulted in constructive eviction." <u>Mohamed v. McLaurin</u>, 390 F.Supp. 3d 520, 548 (D. Vt. 2019) (citing <u>Bloch v. Frischholz</u>, 587 F.3d 771 (7th Cir. 2009)).

Here, Plaintiffs still fail to articulate a prima facie case for either a substantive violation of a Fair Housing right under the plain meaning of § 3617 or a hostile housing environment claim under the statute and regulation therefrom.

Under the Second Circuit's current precedent, Plaintiffs have made no allegations in the Amended Complaint that Defendant Whittaker interfered with a Fair Housing right as enumerated in §§ 3603-3606. <u>See generally</u> ECF No. 11. <u>See also supra</u> I.A. Assuming, *arguendo*, that the agency interpretation of § 3617 in 24 C.F.R. § 100.400(c)(2) withstands judicial review pursuant to <u>Loper Bright Enterprises</u>, Plaintiffs have further failed to articulate a prima facie case for a post-acquisition hostile housing environment because Plaintiff David was never compelled to vacate or move out of her home. <u>See generally</u> ECF No. 11.

Plaintiffs have also failed to allege how Plaintiff Rootwork Herbals, LLC has any property interest in Plaintiff David's home of ████████████████████ when Plaintiff David is the only recorded owner of the property. July 24, 2024 Supporting Affidavit of Syed Omar Shah Exhibits "B" and "C". Furthermore, it is contrary to the purpose and plain meaning of the Fair Housing Act for a business entity engaged in income-generating commercial activity (<u>see</u> ECF No. 11 at ¶ 74) to claim that it possesses fair housing rights in a residential property. Finally, Plaintiff Rootwork Herbals, LLC lacks third-party standing to assert Plaintiff David's individual claims under the Fair Housing Act. <u>See infra</u> II.B.

As such, Plaintiffs have failed to state a claim under § 3617, and Count I of the Amended Complaint must be dismissed with prejudice pursuant to Rule 12(b)(6).

## II.    THE COURT LACKS SUBJECT MATTER JURISDICTION AND PLAINTIFF'S COMPLAINT MUST BE DISMISSED

Under Federal Rule of Civil Procedure 12(b)(1), a federal court must dismiss a case when it lacks the statutory or constitutional power to adjudicate it. Fed. R. Civ. Pro. 12(b)(1); <u>Doyle v. Midland Credit Mgmt.</u>, 722 F.3d 78, 80 (2d Cir. 2013).

### A. THE PLAINTIFFS' CLAIMS FOR INJUNCTIVE RELIEF ARE MOOT

Under Article III of the U.S. Constitution, federal subject matter jurisdiction is confined to "Cases" and "Controversies" where "the plaintiff possess[es] a personal stake" in the court's adjudication of her individual legal rights. U.S. CONST. art. III, § 2; <u>FDA v. Alliance for Hippocratic Medicine</u>, 602 U.S. ___, 6 (2024). To have Article III standing, "a plaintiff must demonstrate (i) that she has suffered or likely will suffer an injury in fact, (ii) that the injury likely was caused or will be caused by the defendant, and (iii) that the injury likely would be redressed by the requested judicial relief." <u>Alliance for Hippocratic Medicine</u>, 602 U.S. at 7-8 (citing <u>Summers v. Earth Island Institute</u>, 555 U.S. 488 (2009); <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 488 (1992)). Furthermore, "when a plaintiff seeks prospective relief such as an injunction, the plaintiff must establish a sufficient likelihood of future injury." <u>Alliance for Hippocratic Medicine</u>, 602 U.S. at 8 (citing <u>Clapper v. Amnesty Int'l USA</u>, 568 U.S. 398, 409 (2013)). However, "[t]he requisite personal interest that must exist at the commencement of litigation (standing) must continue throughout its existence (mootness)." <u>U.S. Parole Comm'n v. Geraghty</u>, 445 U.S. 388, 397 (1980).

Federal courts must further "determine whether . . . claims remain live controversies or have become moot" regardless of whether the plaintiff originally had standing to assert such

claims. <u>Altman v. Bedford Cent. Scho. Dist.</u>, 964 F.3d 141, 146 (2d Cir. 2001). "Under Article III of the U.S. Constitution, '[w]hen a case becomes moot, the federal courts lack subject matter jurisdiction over the action.'" <u>Doyle</u>, 722 F.3d at 80. The Second Circuit Court of Appeals has held that "[a] case becomes moot when interim relief or events have eradicated the effects of the defendant's act or omission, and there is no reasonable expectation that the alleged violation will recur." <u>Van Wie v. Pataki</u>, 267 F.3d 109, 113 (2d Cir. 2001).

Here, Plaintiff David has admitted in her Complaint that the Town Justice Court of the Town of Caroline in the State of New York has already issued orders of protection against Defendant Whittaker compelling "him to stay away from and refrain from harassing, intimidating, or otherwise contacting [Plaintiff]." ECF No. 11 at ¶ 52. <u>See also</u> ECF No. 10.1; ECF No. 11 at ¶¶ 54, 62, 66. Since the full stay away, non-harassment, and no contact order from the Caroline Town Court remains in effect in New York State, Plaintiff David's request for federal relief through a similar injunction is redundant. Because the State court's injunction has already provided Plaintiff David her requested remedy under State law, her federal action is no longer a live controversy and is thereby moot.

As such, because Plaintiff David already obtained the injunctive relief sought in this federal action, Plaintiffs' demand for an injunction is moot, and the Court must dismiss the Complaint with prejudice under Rule 12(b)(1) for lack of subject matter jurisdiction.

## B. PLAINTIFF ROOTWORK HERBALS, LLC LACKS THIRD-PARTY STANDING TO ASSERT PLAINTIFF DAVID'S FIRST-PARTY CLAIMS

Under the U.S. Supreme Court's standing doctrine, a plaintiff "must assert [her] own legal interests rather than those of third parties." <u>Gladstone, Realtors v. Bellwood</u>, 441 U.S. 91, 100 (1979). According to the Court, "this prudential limitation on standing when rights of third parties

16

are implicated [invokes] the avoidance of the adjudication of rights which those not before the Court may not wish to assert, and the assurance that the most effective advocate of the rights at issue is present to champion them." <u>Duke Power Co. v. Carolina Envtl. Study Group</u>, 438 U.S. 59, 80 (1978).

Here, despite being added as a plaintiff in the Amended Complaint, Plaintiff Rootwork Herbals, LLC raises no claims that are distinct from Plaintiff David's individual claims in the original Complaint. <u>Compare</u> ECF No. 1 <u>with</u> ECF No. 11. As explained above, Plaintiff Rootwork Herbals, LLC has no separate property interests and rights that are not already being asserted by Plaintiff David. <u>See supra</u> I.B. This is especially the case where Plaintiff David has not alleged that Rootwork Herbals, LLC has any other members aside from herself and has only made allegations regarding her first-party claims in the Amended Complaint. <u>See generally</u> ECF No. 11. Since Plaintiffs only seek to assert Plaintiff David's individual claims, any argument to allow Plaintiff David's business to assert her individual claims on a third-party basis lacks standing and would be purely academic.

As such, Plaintiff Rootwork Herbals, LLC must be dismissed from this action entirely for lack of standing and thereby the Court's lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

## C. THE SECOND CIRCUIT'S FACTORS FOR EXERCISING DECLARATORY JUDGMENT ACT JURISDICTION WEIGH IN FAVOR OF DISMISSAL

Under the Declaratory Judgment Act (DJA), a district court may only issue a declaratory judgment in cases "of actual controversy within its jurisdiction." 28 U.S.C. § 2201(a). Furthermore, the U.S. Supreme Court has held that the act "confers a discretion on the courts rather

than an absolute right upon the litigant" to exercise jurisdiction through the DJA. <u>Wilton v. Seven</u>

<u>Falls Co.</u>, 515 U.S. 277, 287 (1995). <u>See also Wilton</u>, 515 U.S. at 289 ("We believe it more

consistent with the statute to vest district courts with discretion in the first instance [to entertain

declaratory judgment actions].").

The Second Circuit Court of Appeals has articulated six factors to guide the lower courts

in their discretion to entertain a declaratory judgment action.

> [T]he following considerations, to the extent they are relevant in a particular case,
> should inform a district court's exercise of such discretion: (1) whether the
> declaratory judgment sought will serve a useful purpose in clarifying or settling the
> legal issues involved; (2) whether such a judgment would finalize the controversy
> and offer relief from uncertainty; (3) whether the proposed remedy is being used
> merely for procedural fencing or a race to res judicata; (4) whether the use of a
> declaratory judgment would increase friction between sovereign legal systems or
> improperly encroach on the domain of a state or foreign court; (5) whether there is
> a better or more effective remedy; and (6) whether concerns for judicial efficiency
> and judicial economy favor declining to exercise jurisdiction.

<u>Admiral Ins. Co. v. Niagara Transformer Corp.</u>, 57 F.4th 85, 99-100 (2d Cir. 2023) (internal

quotation marks and citation omitted). Furthermore, the Second Circuit has held that these factors

are non-exhaustive and include such "other factors as relevant to the ultimate question of whether

the normal principle that federal courts should adjudicate claims over which they have jurisdiction'

should yield to considerations of practicality and wise judicial administration." <u>Id.</u> at 100 (quoting

<u>Wilton</u>, 515 U.S. at 288). As such, district courts possess broad discretion "to decline jurisdiction

under the DJA" and "to weigh the factors . . . enumerated [above]." <u>Id.</u>.

Here, based on the previous arguments and the facts alleged by the Amended Complaint,

the Court should exercise its broad discretion to deny jurisdiction under the DJA.

Under factors (1) and (6) of <u>Admiral Ins. Co.</u>, Plaintiff David has already received her

remedy for injunctive relief from the New York State courts, and the Amended Complaint is

effectively moot. See supra II.A. Entertaining the Plaintiffs' demand for a declaratory judgment would resolve no live cases or controversies and would waste limited judicial resources.

Under factors (2) and (5), a declaratory judgment regarding alleged violations of federal civil rights law and Defendant's liability for intentional infliction of emotional distress would not render a final resolution especially when Plaintiffs request to have a jury trial. ECF No. 11 at 16.

Likewise, under factor (3), Plaintiffs' request for the Court to "[d]eclare Defendant liable . . . for [a state law claim of] intentional infliction of emotional distress" (ECF No. 11 at 15) is merely being used to procedurally fence a New York State cause of action between New York State citizens to remain in federal court. See 42 U.S.C. § 1332(a).

Finally, under factor (4), granting a declaratory judgment would likely encroach on the domain of the New York State courts that have already exercised jurisdiction over the parties through issuing orders of protection for Plaintiff David and criminally prosecuting Defendant.

As a result, the Admiral Ins. Co. factors strongly weigh in favor of the Court declining jurisdiction over the Plaintiffs' DJA claims.

## D. THE COURT LACKS SUPPLEMENTAL JURISDICTION OVER ALL OTHER STATE CAUSES OF ACTION

Plaintiffs' remaining claims for Defendant's alleged violations of the New York State Human Rights Law and intentional infliction of emotional distress—"a claim pursuant to New York common law" (Smith v. Davis, 2024 U.S. Dist. LEXIS at 3 (N.D.N.Y. 2024))—may be heard by a federal court through supplemental jurisdiction only if the court has original jurisdiction under 28 U.S.C. §§ 1331 (federal question jurisdiction) and/or 1332 (diversity jurisdiction). 28 U.S.C. § 1367(a) (1990).

28 U.S.C. § 1367(c) permits federal courts to decline exercising supplemental jurisdiction where "the [state-law] claim substantially predominates over the claim or claims over which the district court has original jurisdiction" or "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(2-3).

When determining whether to exercise supplemental jurisdiction, federal courts have long held that supplemental jurisdiction is "a doctrine of discretion, not of plaintiff's right." United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966) (superseded by 28 U.S.C. § 1367). See also Lundy v. Catholic Health Sys. of Long Island, 711 F.3d 106, 117 (2d Cir. 2013) ("The exercise of supplemental jurisdiction is within the sound discretion of the district court."). The Second Circuit has further held that district courts are to "consider and weigh in each case . . . the values of judicial economy, convenience, fairness, and comity" when deciding to decline or exercise supplemental jurisdiction. Lundy, 711 F.3d at 117 "Once all federal claims have been dismissed, the balance of factors will usually point toward a declination." Id. at 118.

Here, based on the Plaintiffs' failure to state a claim for a federal cause of action, the mootness of their claim for injunctive relief, and the absence of diversity jurisdiction, the Court lacks original jurisdiction to hear the Complaint and must decline to exercise supplemental jurisdiction over the remaining state-law causes of action pursuant to 28 U.S.C. § 1367(c)(3). See supra.

Furthermore, given the prior state court proceedings involving Defendant and Plaintiff David, the fact that Plaintiffs (citizens of New York) are pursuing a state-law tort claim against another New York citizen that would substantially predominate over all the other asserted claims, and how Plaintiffs can avail themselves of the New York State courts to litigate their remaining

state-law claims, all factors of judicial economy, comity, federalism, convenience, and fairness to the Plaintiffs weigh in favor of declining supplemental jurisdiction.

As such, the Plaintiffs' remaining state-law causes of action must be dismissed.

## CONCLUSION

For the reasons above, the Court should dismiss the Amended Complaint due to failure to state a claim upon which relief can be granted and lack of subject matter jurisdiction.

Dated: July 24, 2024                    Respectfully submitted,

/s/ Syed Omar Shah
Syed Omar Shah
State Bar No. 5934237
Bar Roll No.: 703515
sos@wcslaw.net
Williamson, Clune & Stevens
317 North Tioga Street
Ithaca, New York 14851-0126
Telephone: (607) 273-3339

*Counsel for Robert Whittaker, Jr.*